IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BLANCHE HONEYCUTT | § | |
| | § | |
| VS. | § | CIVIL CASE NO.4:15-CV-553-Y |
| | § | |
| AT & T ADVERTISING SOLUTIONS | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

Pro se plaintiff Blanche Honeycutt, has filed, on September 15, 2015, an application to proceed in forma pauperis, which is construed as a motion for leave to proceed in forma pauperis (IFP). The motion was referred to the undersigned by order entered on October 22, 2015. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a civil action.

B. PARTIES

Blanche Honeycutt is the plaintiff. The defendant is listed as AT & T Advertising Services.

C. LEGAL ANALYSIS

On September 15, 2015, Plaintiff submitted a long-form application/motion to proceed in forma pauperis. In this case, however, Plaintiff already paid the applicable filing and administrative fees totaling $400.00, on July 29, 2015. The in-forma-pauperis statute provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a

> person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1)(West Supp. 2015). The statute is worded to allow a court to authorize a person to proceed in-forma-pauperis (to not pre-pay fees), only in the context of whether such applicant is unable to "pay such fees." Here, the fees have already been paid, such that there is no other basis to consider and review an in-forma-pauperis application. Therefore, the motion for leave to proceed in forma pauperis should be DENIED as moot.

Alternatively, a review of the in-forma-pauperis motion shows that Plaintiff does not qualify. Plaintiff reports in one section of the application, that she receives $3,988 a month in gross pay. (doc. 7, at ¶ 2.) In another section, she reports receiving $1,825.34 in monthly disability income. (doc. 7, at ¶ 1.) Courts consistently consider disability and social security type benefit payments, in making the in-forma-pauperis determination.[1] Plaintiff lists no dependants. The applicable poverty guideline for a one-person household is $11,770. Even considering only the lower disability income only, at $1,825 a month, Plaintiff's total annual

---

[1] *See, e.g., Cornish v. Texas Dept. of Protective and Regulatory Services, et al.*, No. 3:04-CV-969-K, 2004 WL 1305809, at *1 (N.D. Tex. June 10, 2004), *rep. and rec. adopted*, 2004 WL 1819018 (Aug. 12, 2004); *Grant v. Shiflett*, No.3:03-CV-1959-R, 2003 WL 22466210, at *1 (N.D. Tex. Oct. 23, 2004), *rep. and rec. adopted*, (November 12, 2004); *Ponder v. Schultz*, No.3:02-CV-1353-P, 2002 WL 3114054, at *2 (N.D. Tex. Sep. 20, 2002); *Lewis v. Center Market, et al.*, 378 Fed. Appx. 780, 784-85 (10th Cir. May 17, 2010)(affirming district court's denial of IFP status to appellant whose only income sources were social security and unemployment benefits); *see also Still v. Shinseki*, 490 F. App'x 413, 414 (3rd Cir 2012)(considering disability payments in reviewing the IFP application); *Salter v. Johnson*, No.3:12CV738-HTW, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013)(income includes social security payments), *rec. adopted*, 2013 WL 55065 (Feb. 12, 2013).

household income and disability payments is $21,900, far above the applicable poverty level. The information in this application thus shows that plaintiff Honeycutt alternatively continues to have sufficient income available to pay the filing fee.

### RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's September 15, 2015 motion to proceed in forma pauperis [docket no. 7] should be DENIED as MOOT by the district judge; and alternatively, such motion should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal

conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until November 23, 2015 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED November 9, 2015.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4